UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUSAN KEMNA**                                      **CIVIL ACTION**

**VERSUS**                                           **NO. 07-8366**

**METLIFE AUTO AND HOME**                            **SECTION "B"(2)**
**INSURANCE COMPANY, ET AL.**

## ORDER AND REASONS

Before the court is Plaintiff Susan Kemna's Motion to Remand her case to the 24th Judicial District Court for the Parish of Jefferson, Louisiana, (Rec. Doc. 34), and Defendant's Opposition. (Rec. Docs. 40, 42).

For the following reasons, Plaintiff's Motion to Remand is **GRANTED.**

On August 27, 2007, Susan Kemna ("Plaintiff") filed her Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson. (Rec. Doc. 1-2). The claims in this case arise out of damages to Plaintiff's condominium unit in Chardonnay Village in Kenner, Louisiana, due to Hurricane Katrina. (Rec. Doc. 1-2). As a result, Plaintiff Kemna sought damages from her homeowner's insurer, Metropolitan Property and Casualty Insurance Company, improperly identified as MetLife Auto and Home Insurance Company, Fidelity National Insurance Company, James River Insurance Company and Chardonnay Village Condominium Association ("CVCA"), its Board of Directors and Managers. (Rec. Doc. 1-2).

On November 9, 2007, Fidelity National Insurance Company

("Fidelity") timely removed this case pursuant to 28 U.S.C. §§ 1441 and 1446. Removal was proper based on federal question jurisdiction pursuant to 42 U.S.C. § 4072, 28 U.S.C. §§ 1331, and 1337 due to Fidelity's status as a "Write-Your-Own Program" insurance carrier participating in the federal National Flood Insurance Program. (Rec. Doc. 1). Upon removal, the state law claims were properly brought into this Court based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

On March 24, 2008, Plaintiff's claims against Metropolitan Property and Casualty Insurance Company were dismissed, (Rec. Doc. 14), and subsequently, on April 20, 2009, her claims against Fidelity, in its capacity as flood insurer, were dismissed, thereby extinguishing federal question jurisdiction. (Rec. Doc. 32). Plaintiff then filed a motion to remand the case, pursuant to 28 U.S.C. § 1447. (Rec. Doc. 34). Defendant CVCA then filed its Opposition, (Rec. Doc. 42), and adopted the reasons and arguments set forth in James River Insurance Company's Opposition. (Rec. Doc. 40). Shortly thereafter, Ms. Kemna dismissed, with prejudice, all of her claims against James River Insurance Company on June 23, 2009. (Rec. Doc. 55).

Defendant concedes that upon Plaintiff's dismissal of Fidelity's flood insurance claims federal question jurisdiction was extinguished. (Rec. Doc 40 at 2). Defendant contends, however, that this Court should exercise supplemental jurisdiction over the

remaining state claims, since the case has utilized substantial judicial resources, and does not present complex or novel issues of state law. (Rec. Doc. 40).

Since Defendant CVCA is incorporated by the laws of Louisiana, and its principal place of business is in Kenner, Louisiana, (Rec. Doc. 32-6), it is considered a citizen of Louisiana under 28 U.S.C. § 1332. Plaintiff Susan Kemna is a citizen of Louisiana, therefore the controversy cannot be considered to be "between citizens of different states." Therefore, this case does not fall under this Court's diversity jurisdiction, under 28 U.S.C. § 1332, regardless of the amount in controversy.

While federal question jurisdiction no longer exists, and there are no diverse parties, Congress articulated another avenue for invoking jurisdiction in federal courts in 28 U.S.C. § 1367:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). In order for a supplemental claim to be considered to "form part of the same case or controversy" as the claims which invoked original jurisdiction, the relevant inquiry is whether they "derive from a common nucleus of operative fact."

3

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Subsection (c), however, provides an exception to the jurisdiction granting language of (a):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Additionally, in determining whether or not to exercise supplemental jurisdiction, courts must consider judicial economy, convenience, fairness, and comity, on a case-by-case basis, with no single factor being dispositive. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Upon elimination of federal question jurisdiction, this Court has discretion to either keep the state law claims or to remand the case. This Court may decline to exercise supplemental jurisdiction over the remaining claims because it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Again, in determining whether or not to remand Plaintiff's case, this Court must also consider judicial economy, convenience, fairness, and comity. *Mendoza*, 532 F.3d at 346.

In its Opposition, Defendant relies on *Batiste v. Island Records Inc.*, 179 F.3d 217 (5th Cir. 1999), in which the Fifth Circuit recognized that a court should generally decline to

4

exercise supplemental jurisdiction over remaining state law claims when all federal claims are dismissed before trial, yet the court held that the district court abused its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. *Id*. at 226-28. The court held that the factors of judicial economy, convenience, and fairness weighed in favor of the district court exercising supplemental jurisdiction over the claims, as did the fact that the claims were neither novel nor complex, and the case had been pending in district court for almost three years, expending a significant amount of judicial resources in litigation. *Id*.

The Court finds that *Batiste*, 179 F.3d 217, is distinguishable to this civil action. In this case, there have been no depositions scheduled, and minimal discovery has taken place. Furthermore, the court in *Batiste* relied heavily on their conclusion that the district court was "intimately familiar" with the merits of the plaintiffs' case. *Id.* at 228. Due to this Court's minimal involvement with Plaintiff's state law claims, the factors of judicial economy and comity do not weigh in favor of this Court exercising supplemental jurisdiction over those claims. As the court in *Batiste* recognized, the "general rule" is that a district court should "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Id.* at 227. To the extent

5

even slight discovery has occurred, that discovery should be useful in the state proceedings.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**

New Orleans, Louisiana, this 17th day of July, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE